UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN, JR.,

        Plaintiff,

                                      Case No. 2:07-cv-61

v.                                     HON. R. ALLAN EDGAR

PATRICIA CARUSO, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia L. Caruso, Special Activities Coordinator Dave Burnett, Food Service Director Wayne DeShambo, Assistant Food Service Director Gerald Anderson and Gerald Riley. Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that Defendants have violated his First Amendment right to exercise his religious beliefs by denying him a Kosher diet for 15 days.  In addition, Plaintiff claims that Defendants have continued to deliberately violate his rights by incorrectly preparing his Kosher meals.  Plaintiff seeks to be immediately transferred out of the Alger Maximum Correctional Facility (LMF) and to be placed back on Kosher status.

        I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not

granted.  Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1.      Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2.      Whether the movant has shown irreparable injury.

3.      Whether the preliminary injunction could harm third parties.

4.      Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, Plaintiff alleges that the Defendants have violated his First Amendment right to exercise his religious beliefs by denying him a Kosher diet for 15 days.  In addition, Plaintiff claims that Defendants have continued to deliberately violate his rights by

incorrectly preparing his Kosher meals.  Plaintiff seeks to be immediately transferred out of LMF and to be placed back on Kosher status.  Defendants have filed a response to this motion, in which they assert that Plaintiff was removed from his Kosher diet because he possessed protein powder, which is not Kosher.  Plaintiff concedes that this is the case, but argues that the protein powder is not a food item.

Defendants also state that when Plaintiff was questioned regarding his professed religious beliefs by Defendant Riley, he revealed a lack of knowledge and effort to understand and comply with a Kosher diet.  Defendant Riley concluded that Plaintiff did not have a sincerely held religious belief in Judaism.  Defendant Riley noted repeatedly in his summary memo to the warden, that Plaintiff's answers indicated insincerity.  Relying on that memo, Defendant Burnett concluded that Plaintiff lacked any sincere religious belief regarding keeping Kosher.

A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights.  As noted by Defendants, Plaintiff was questioned by Defendant Riley, after which it was determined that he lacked any sincere religious belief regarding keeping Kosher.  Therefore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction (docket #5) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).


                        /s/ Timothy P. Greeley
                        TIMOTHY P. GREELEY
                        UNITED STATES MAGISTRATE JUDGE

Dated:   February 20, 2008