UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN #192744, Jr.,

    Plaintiff,

v.

Case No. 2:07-cv-61
Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## **OPINION**

Plaintiff Kenneth Colvin Jr., an inmate currently confined at the Ionia Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against MDOC Director Patricia L. Caruso, Special Activities Coordinator Dave Burnett, LMF Food Service Director Wayne DeShambo, LMF Assistant Food Service Director Gerald Anderson, Chaplain Gerald Riley, Warden David Bergh, Case Manager Keith Castello, Food Service Leader David Aaron, Food Service Leader B. Bertucci, and Corrections Officer Unknown Exelby. Plaintiff's action was dismissed on September 26, 2008, but was reopened following Plaintiff's successful appeal. The current claims in this case consist of Plaintiff's claims that he was wrongly removed from the Kosher meal program, and that he was wrongly denied reinstatement to the program by "Burnett, Chaplain Riley, and other prison officials."

Presently before the Court are the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, and Plaintiff's motion for a preliminary injunction (docket #97). The parties have responded to the motions and they are ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Initially, Defendants assert that Plaintiff's motion for a preliminary injunction, which sought to have Plaintiff placed back on the Kosher diet program, is properly denied as moot because Plaintiff is now receiving meals at his current placement at the Ionia Correctional Facility.

Defendants offer the affidavit of MDOC Special Activities Coordinator Michael Martin in support of this assertion. (Defendants' Exhibit 1.)

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Because Plaintiff has been transferred to a different facility and is receiving a kosher diet, he cannot show that a failure to grant a preliminary injunction would subject him to irreparable injury. The possibility that Plaintiff might be removed from the kosher diet program in the future is too speculative to constitute an irreparable injury. Nor would the public interest be served by the

3

issuance of a preliminary injunction where the Plaintiff is already receiving the relief sought. Therefore, the court will deny Plaintiff's motion for a preliminary injunction (docket #97).

Defendants assert that for the same reasons that Plaintiff's motion for preliminary injunction is moot, his Plaintiff's request for injunctive relief is also properly denied as moot. In his amended complaint, Plaintiff contends that LMF does not follow the proper guidelines for a kosher diet and seeks a formal training manual and courses for staff and prisoners on the Jewish dietary laws. Plaintiff also seeks an order requiring all kosher meals to be prepared, delivered and served separately from the facility's regular meals, and that all trays be wrapped in plastic for delivery to Jewish prisoners. Plaintiff seeks to be transferred to a facility that will "properly keep Kosher pursuant to the Code of Jewish Law." Finally Plaintiff seeks to be permanently placed on his religious diet. At the time that Plaintiff filed his amended complaint, he was incarcerated at the Marquette Branch Prison (MBP) and had been denied reinstatement to the kosher diet program. Defendants assert that since that time, Plaintiff has been transferred to ICF and has been placed on a kosher diet.

> In addressing the issue of injunctive relief, the Sixth Circuit stated:
>
> But, unlike Colvin's original claims for injunctive and declaratory relief, which were moot because Colvin had been transferred from LMF to another prison, we cannot conclude that the claims in Colvin's proposed amended complaint are moot for the same reason. This is because the Marquette Branch Prison, the facility to which Colvin was transferred, relied on LMF's removal of Colvin from kosher-meal status to justify a continuation of the status quo. The chaplain of this latter prison relied on Burnett's memo in concluding that Colvin's religious preference was Muslim and that he was therefore not eligible to receive kosher meals. No additional interviews or questioning appear to have taken place. The record thus indicates that LMF's removal of Colvin from kosher-meal status and its subsequent refusal to reinstate him had long-term consequences for Colvin within the Michigan prison system, even after he was transferred away from LMF.

4

> Whether a prison transfer moots an inmate's claim where the inmate faces the potential for future harm following the transfer is undecided in this circuit. In *Berryman v. Granholm*, 343 Fed. Appx. 1 (6th Cir.2009), this court held that a Michigan inmate's request for declaratory and injunctive relief regarding his removal from the kosher-meal program was moot upon being transferred to a different prison. Id. at 4-5. But the Berryman court did not face the question of whether the inmate was denied kosher meals at the second prison based on his initial removal from the program at the prior prison, so there was no indication that any alleged harm was on-going. Moreover, at least two other circuits that have considered the effect that a prison transfer has on an inmate's claim for equitable relief have refused to dismiss the inmate's claim as moot. In *Andreola v. Wisconsin*, 171 Fed. Appx. 514 (7th Cir.2006), the United States Court of Appeals for the Seventh Circuit held that a prisoner's claim for injunctive relief after he was allegedly denied "ultra Orthodox" kosher food when housed at another prison was "not moot because [the senior personnel in the State of Wisconsin's Department of Corrections] can control his diet throughout the state's prison system." Id. at 515.
>
> The Eighth Circuit reached a similar result in *Randolph v. Rodgers*, 170 F.3d 850 (8th Cir.1999). There, a deaf prisoner sought an injunction as part of his claim that the Missouri prison where he had previously been housed had wrongfully deprived him of a sign-language interpreter. *Id.* at 857. The district court found this claim to be moot, but the Eighth Circuit reversed because the prisoner was "exposed to an actual future threat under the control of the Department of Corrections-that he will not be provided an interpreter." *Id*. Thus, the injunction the prisoner sought would prevent future harm. See id.
>
> This logic compels a similar result in the present case. The record suggests that Colvin's nonkosher status traveled with him to the Marquette Branch Prison. We therefore cannot conclude that Colvin's wrongful-removal and denial-of-reinstatement claims are moot.

*Colvin v. Caruso*, 605 F.3d 282, 295-96 (6th Cir. 2010).

As set forth above, Defendants assert that because Plaintiff is currently receiving a kosher diet, his request for injunctive relief is moot. The court notes that because Plaintiff has been reinstated to the kosher meal program, his denial of reinstatement claim appears to be moot.

5

However, this is not necessarily true for the wrongful removal claim. As noted by the Sixth Circuit, the MDOC can control Plaintiff's diet throughout the state. Plaintiff has previously been denied participation in the kosher food program, and was removed most recently from the program for merely possessing a non-kosher food item, an MDOC policy which the Sixth Circuit noted may be overly restrictive of inmates' religious rights. *Id.* at 296. Therefore, because such harm is capable of reoccurring at some future date, Plaintiff's claim for injunctive relief regarding his removal from the kosher meal program may not be dismissed as moot.

As noted by Defendants, Plaintiff may not seek damages under the RLUIPA, as such relief is barred by the Eleventh Amendment. Although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), the Sixth Circuit recently held that monetary damages are not available under RLUIPA. *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir.2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."), petition for cert. filed, 78 U.S.L.W. 3065 (U.S. July 22, 2009) (No. 09-109).

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power

irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

Defendants state that they are entitled to qualified immunity because the law was not clearly established. Defendants state that although the availability of damages under the § 1983 claim was not "explicitly rejected by the Sixth Circuit as the RLUIPA claim, Plaintiff is nevertheless not entitled to damages." Defendants then refer the court to the Sixth Circuit's discussion on pages 17 to 18 of the slip opinion. Therefore, the court has carefully reviewed the pertinent section of the Sixth Circuit's opinion, which states:

> Turning first to Colvin's wrongful-removal claim, we note that MDOC's policy of removing a prisoner from the kosher-meal program for mere possession of a nonkosher food item may be overly restrictive of inmates' religious rights. Colvin was removed from the program pursuant to this policy after LMF officials discovered nonkosher protein powder in his cell. Recently, a federal district court in New Hampshire considered the constitutionality of a prison's "zero tolerance" policy of suspending a prisoner from the kosher-meal program for six months if the prisoner consumed or possessed food in violation of the diet. Kuperman v. Warden, N.H. State Prison, Civil No. 06-cv-420-JL, 2009 WL 4042760, at *6 (D.N.H. Nov. 20, 2009). Surveying recent caselaw on this issue, the court remarked that
>
>> [a] circuit split is brewing.... The Fourth Circuit Court of Appeals recently held that a prison violated RLUIPA when it prevented a prisoner from participating in Ramadan meals and group prayers after catching him breaking his Ramadan fast. See Lovelace v. Lee, 472 F.3d 174 (4th Cir.2006). In an earlier case, however, the Eighth Circuit Court of Appeals reached the opposite conclusion, upholding

7

> such a policy because "[r]ather than burdening Ramadan worshippers, the ... policy allows full participation in the fast and removes from the procedures only those worshippers who choose to break the fast." Brown-El v. Harris, 26 F.3d 68, 69-70 (8th Cir.1994). The Lovelace court distinguished Brown-El because it applied a First Amendment analysis, whereas Lovelace applied the "more rigorous" RLUIPA analysis. Lovelace, 472 F.3d at 188 n. 3. But a dissenting judge saw no material distinction and argued for the result in Brown-El. See id. at 208 (Wilkinson, C.J., concurring in the judgment in part and dissenting in part).
>
> In a case even closer to this one, the Seventh Circuit Court of Appeals recently applied the heightened statutory standard and nevertheless concluded that suspension of kosher diet privileges in response to dietary violations is not a substantial burden on religious exercise because it does not "compel conduct contrary to religious beliefs: [the prisoner] was forced to eat the non-kosher meals only because he turned down the kosher ones." Daly v. Davis, No. 08-2046, 2009 WL 773880 (7th Cir.2009) (unpublished). This holding also appears to be in tension with Lovelace.
>
> Id. (alterations in original) (footnote omitted). Without further factual development on this issue, we cannot definitively conclude that LMF's strict application of its kosher-meal policies to Colvin was constitutional.

*Colvin*, 605 F.3d at 296-97.

The court is unpersuaded by Defendants' contention that the law was unclear. The court finds that the law was clearly established that to be entitled to First Amendment protection, Plaintiff need only show that the belief or practice asserted is "religious in the person's own scheme of things' and is 'sincerely held." *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)). There is a genuine issue of material fact regarding whether Defendants removed Plaintiff from his kosher diet based on an assessment of the sincerity of Plaintiff's beliefs. Therefore, Defendants are not entitled to summary judgment on the issue of qualified immunity.

In light of the foregoing, the court concludes that with regard to Plaintiff's claim that Defendants refused to reinstate him to a kosher diet, his request for injunctive relief is moot. In addition, Plaintiff is not entitled to damages on his RLUIPA claims. However, with regard to Plaintiff's remaining claims, Defendants are not entitled to summary judgment. Accordingly, it is Defendants' Motion for Summary Judgment (docket #137) will be granted, in part, and denied, in part.

In addition, Plaintiff' motion for a preliminary injunction (docket #97) will be denied.

An Order consistent with this Opinion will be entered.


Dated: 3/2/2011 /s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE