UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN, JR.,

    Plaintiff,

v.                                                            Case No. 2:07-cv-61
                                                              HON. R. ALLAN EDGAR

PATRICIA L. CARUSO, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

       Plaintiff Kenneth Colvin, Jr., filed this lawsuit asserting that defendants violated his right to receive a kosher diet. Plaintiff alleged in his original complaint that he was denied kosher food for 16 days, that mistakes were made in administering the kosher food program, and that the lack of Jewish services and literature violated his rights under the Religious Land Use and Institutionalized Person's Act (RLUIPA), 42 U.S.C. § 2000cc-1. This Court granted defendant Chaplain Riley summary judgment on plaintiff's claim that he was denied kosher meals for 16 days. Defendants Caruso and Burnett were dismissed for lack of personal involvement. Defendants Deshambo and Anderson were dismissed for their alleged involvement in improperly preparing kosher meals. Plaintiff's claims regarding Jewish services and literature were also dismissed. Plaintiff's motion to amend his complaint was denied.

       On appeal, the Sixth Circuit affirmed in part and vacated in part this Court's decision. The Sixth Circuit affirmed the dismissal of plaintiff's RLUIPA claims regarding the kosher meal program and plaintiff's denial of services and literature claims. The Sixth Circuit found that monetary damages are not available under the RLUIPA. In addition, the Sixth Circuit found that

because plaintiff directed his claims at the policies of the Alger Maximum Correctional Facility (LMF) and not "the MDOC kosher-meal program as a whole," dismissal of plaintiff's request for injunctive relief and a declaratory judgment was appropriate.

The Sixth Circuit affirmed the dismissal of all claims plaintiff presented against Chaplain Riley and the dismissal of defendants Caruso and Burnett for lack of personal involvement. The dismissal of defendants DeShambo and Anderson was also affirmed.

The Sixth Circuit found that plaintiff's motion to amend his complaint was improperly denied in part. The Sixth Circuit agreed that plaintiff should not be allowed to add new defendants who were allegedly responsible for serving him non-kosher items because plaintiff failed to show a constitutional violation on these claims. However, the Sixth Circuit found that it was an abuse of discretion not to consider plaintiff's claims that he was wrongfully removed from the kosher meal program and was wrongfully denied reinstatement by defendants "Burnett, Chaplain Riley and other prison officials."

More specifically, the Sixth Circuit explained that plaintiff's claims for injunctive relief and for declaratory relief under the RLUIPA could not be dismissed for the reasons set forth by this court. Plaintiff's proposed amended complaint stated that these harms continued when he was transferred to Marquette Branch Prison (MBP). The chaplain at MBP relied on Burnett's memo that concluded that plaintiff had changed his religious preference to Muslim. The Sixth Circuit reasoned that the issue of whether a prison transfer could moot a claim where an inmate faced potential future harm was undecided in the Sixth Circuit. The Sixth Circuit found that because plaintiff's wrongful removal and denial of his restatement claims traveled with him to MBP, those claims were not moot.

The Sixth Circuit stated that the "MDOC's policy of removing a prisoner from the kosher-meal program for mere possession of a nonkosher food item may be overly restrictive of inmates's religious rights." The Sixth Circuit noted that further factual development was necessary to determine whether "LMF's strict application of its kosher-meal policies to Colvin [for having a protein meal supplement in his cell] was constitutional." The Sixth Circuit also found that the failure to reinstate claim did not lack merit because both Chaplain Riley and Burnett failed to provide any support for their reliance on plaintiff's Muslim religious preference. The Sixth Circuit indicated that the record was clear that plaintiff consistently claimed that his faith was Jewish during his incarceration. The Sixth Circuit stated:

> Chaplain Riley and Burnett emphasized Colvin's lack of objective knowledge of Judaism, and thus they appear to have failed to make a proper inquiry into the sincerity of Colvin's beliefs. And, to the extent that their decision to deny Colvin's reinstatement request was based on his lack of objective knowledge, it was unconstitutional.

Sixth Circuit's decision at 20.

The Sixth Circuit found that this Court erred by failing to address the wrongful removal claim and the failure to reinstate claim that plaintiff brought in his proposed amended complaint. Further, the Sixth Circuit found that the failure to rule on plaintiff's second motion for a preliminary injunction was an abuse of discretion by the Court. After remand, this Court granted plaintiff's motion to amend the complaint and reinstated plaintiff's motion for a preliminary injunction. The remaining claims included plaintiff's claims that he was wrongfully removed from the kosher meal program and that he was wrongfully denied reinstatement to the program by defendants "Burnett, Chaplain Riley, and other prison officials." Plaintiff's claims are also based

upon and intertwined with theories of retaliation and conspiracy. Defendants then filed another motion for summary judgment.

On March 2, 2011, this Court dismissed plaintiff's injunctive relief claim for defendants' refusal to reinstate him to a kosher diet and plaintiff's claim for damages under the RLUIPA. The Court denied defendants' motion for dismissal of plaintiff's damage claims under the First Amendment and denied defendants' request for dismissal of plaintiff's damage claims under the RLUIPA for allegations that plaintiff was improperly denied a kosher diet. Plaintiff's preliminary injunction motion was denied. Currently remaining in this case are plaintiff's injunctive relief claim for wrongful removal from the Kosher diet under the RLUIPA and the First Amendment and plaintiff's damage claims under the First Amendment.

Once again, defendants have filed a motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375,

382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In defendants' first argument, defendants attempt to obtain dismissal of claims that are not currently before this Court. Defendants ask the Court to dismiss claims that have been dismissed by this Court and addressed by the Sixth Circuit. The Sixth Circuit clearly explained why plaintiff's claims regarding mistakes in serving or administering kosher meals failed to implicate constitutional concerns. Plaintiff has indicated that he is no longer bringing these claims and asserting these arguments in this case. There is no reason for this Court to again address these issues. Defendants' motion on kosher food mistakes and administration of kosher food is moot.[1] The claims against defendants DeShambo, Anderson, Aaron and Bertucci regarding kosher meal mistakes and administration of kosher food do not remain in this case.[2]

---

[1] Similarly, any specific injunctive relief claims that plaintiff has about kosher food preparation at LMF are also moot. However, other injunctive or declaratory relief claims against LMF related to the strict application of rules to remove plaintiff from the kosher program must remain in this case.

[2] It is noted that plaintiff's complaint was filed as a proposed amended complaint with his request for leave to file an amended complaint before the Sixth Circuit remanded this matter. After the Sixth Circuit remanded the case and directed this Court to reconsider the issues in the proposed amended complaint, this Court granted plaintiff leave to amend the complaint on July 27, 2010, and accepted this earlier filed proposed amended complaint as an amended complaint. At the time plaintiff wrote and filed his amended complaint, he did not have the benefit of the Sixth Circuit's decision.

Defendant Bergh moves for dismissal, arguing that he had no personal involvement in removing plaintiff from the kosher diet. Defendant Bergh asserts that his only involvement was in signing off grievances. However, because the Sixth Circuit has squarely set forth that one of the remaining issues involves LMF's policy of applying a suspect zero tolerance policy when a prisoner on a kosher diet is in possession of a non kosher item, it is the opinion of the undersigned that Warden Bergh is an essential defendant in this case. As the Sixth Circuit stated "we cannot definitively conclude that LMF's strict application of its kosher-meal policies to Colvin was constitutional." Sixth Circuit's opinion at 18.

Defendants Exelby and Castello argue that it is not clear which constitutional theory plaintiff is relying upon against them. Defendant Exelby searched plaintiff's cell and found the protein powder that lead to plaintiff's removal from the kosher meal program. Defendant Castello was involved in removing plaintiff from the kosher meal program. Clearly, defendant Castello was involved in the denial of plaintiff's First Amendment religious claim and plaintiff's RLUIPA claim. Moreover, plaintiff has asserted that these defendants, along with all the other defendants, were involved in conspiracy and retaliation claims.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff filed numerous grievances asserting that he was not receiving a proper kosher diet. Plaintiff clearly showed that he was engaged in protected conduct. Similarly, there is no issue that plaintiff was subjected to adverse conduct. He was removed from the kosher meal program and was not reinstated upon his request. Whether plaintiff's removal from the kosher meal program and failure to reinstate him to the kosher meal program were the result of plaintiff's action in filing grievances is a factual question. Moreover, the role that each defendant took against plaintiff, which could be construed as a violation of the First Amendment or the RLUIPA, is also a factual issue that must be addressed at trial.

Defendants Bergh, Castello, Exelby, DeShambo, Anderson, Bertucci and Aaron move for qualified immunity because they believe that plaintiff has failed to assert a constitutional violation against them. Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power

irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.*

Plaintiff has asserted violations of the First Amendment and the RLUIPA. Defendants cannot genuinely argue, especially based upon the procedural posture of this case, that plaintiff has not presented facts to set forth constitutional and federal claims. Plaintiff has clearly alleged that defendant Anderson explained to him that the only reason plaintiff was taken off the kosher meal program was because plaintiff filed too many grievances. Plaintiff explains that this is especially true because not one of the defendants made an effort to learn if the protein powder that he had in his possession qualified as kosher food. Further, plaintiff asserts that the MDOC does not list the protein powder as food item, but only as a supplement similar to vitamins and medications. Plaintiff has asserted that defendants simply did not care to provide a fair analysis because they wanted to get plaintiff off the kosher meal program so that he would stop filing grievances about the program's inadequacy. In the opinion of the undersigned, a question of fact exists whether any of the defendants violated plaintiff's rights and what involvement each defendant may have had in the alleged improper conduct.

Accordingly, it is recommended that defendants' motion for summary judgment (Docket #178) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

   /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  October 26, 2011