UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

KENNETH COLVIN, #192744,

    Plaintiff,         Case No. 2:07-cv-61

v.         Honorable R. Allan Edgar

PATRICIA CARUSO, *et al.*,

    Defendants.
_____/

## **MEMORANDUM**

Plaintiff Kenneth Colvin, an inmate currently incarcerated at Chippewa Correctional Facility, filed this *pro se* lawsuit asserting that he was previously wrongfully denied receiving a Kosher diet. This case is currently scheduled for a bench trial on December 19, 2011.

On August 5, 2010, Plaintiff filed a "Second Motion for Relief from Judgment." Doc. No. 131. In that motion, Plaintiff argues that this Court's prior decision to dismiss Defendant Riley on the basis of qualified immunity [Doc. No. 103] was erroneous. In his complaint, Plaintiff alleges that he was erroneously denied access to the kosher meal program for fifteen days after his transfer to Alger Maximum Correctional Facility on February 28, 2006. Doc. No. 1, p. 7 of 18. He states that he kited Defendant Riley about this mistake, and that Defendant Riley responded that he had checked with Defendant Burnett, Special Activities Coordinator, who stated that Plaintiff was ineligible for the program. *Id.* Magistrate Judge Greeley issued a Report and Recommendation [Doc. No. 91] in which he recommended dismissing Plaintiff's kosher diet claim against Defendant Riley on the basis of qualified

immunity. The Court accepted and adopted this recommendation. Doc. No. 103. The Sixth Circuit affirmed Defendant Riley's dismissal, stating in part:

> ... Colvin has not pointed to any evidence showing that Chaplain Riley acted unreasonably or that he "knowingly" violated Colvin's rights. *See Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007) (holding that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law" (citation omitted)). Rather, Riley, consistent with his job function, received Colvin's request for kosher meals, checked Colvin's eligibility, and was informed that Colvin was a Muslim and therefore not qualified for the program. Riley, at worst, committed a "reasonable mistake" as to Colvin's status, a mistake that does not disqualify him from receiving qualified immunity. *See Dorsey*[ *v. Barber*], 517 F.3d 389, 394 ("The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the [conduct of a government official]." (citation omitted)). Furthermore, once the mistake was discovered, LMF officials, including Riley, worked "as quickly as possible" to ensure that Colvin received kosher meals.

*Colvin v. Caruso*, 605 F.3d 282, 291 (6th Cir. 2010).

In his "Second Motion for Relief," Plaintiff asserts that Defendant Riley should not have been dismissed from this suit. He attaches a "Religion Code Change History" that appears to show that Plaintiff's religion was listed with the MDOC as Jewish (as indicated with a "J) on March 2, 2006, and was not changed to Muslim until March 3, 2006. Plaintiff argues that this evidence shows that Defendant Riley was aware that Plaintiff's religion was listed as Jewish at the time that he responded to Plaintiff's kite.

After considering Plaintiff's argument, the Court finds that its previous dismissal of Defendant Riley was appropriate. As the facts indicate, and as Plaintiff himself admits, Defendant Riley checked with Defendant Burnett as to Plaintiff's kosher status. Furthermore, Defendants have admitted that a mistake was made in the initial denial of Plaintiff's request for kosher meals after his transfer to Alger Maximum Correctional Facility.

The evidence attached to Plaintiff's motion therefore does not support a finding that anything more than a "reasonable mistake" was made by Defendant Riley. As such, Defendant Riley was entitled to receive qualified immunity. Plaintiff's motion [Doc. No. 131] will therefore be denied.

Plaintiff also filed an "Objection" to Magistrate Judge Greeley's denial of his motion for appointment of counsel on September 21, 2011, which this Court will treat as an appeal to the district court judge of Magistrate Judge Greeley's order. Doc. No. 188. Plaintiff states that Magistrate Judge Greeley failed to carefully consider the relevant factors when considering his request for counsel or to make a written assessment of the facts or information presented in Plaintiff's motion. Plaintiff argues that Magistrate Judge Greeley's order denying counsel was therefore an abuse of discretion.

While an indigent party does not have a right to representation by a court-appointed attorney under the Constitution, the Court may in its discretion request an attorney to represent a civil litigant unable to afford counsel pursuant to 28 U.S.C. § 1915(e)(1). The appointment of counsel in civil cases is only justified in exceptional circumstances. To determine whether exceptional circumstances exist, the Court considers various factors including the complexity of the factual and legal issues involved, the procedural posture of the case, and Plaintiff's ability to represent himself *pro se* and prosecute his complaint without the assistance of an attorney. *Lince v. Youngert*, 136 Fed. Appx. 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

In his motion for appointment of counsel, Plaintiff asserts that his inability to prosecute his complaint *pro se* is evidenced by his "incompeten[ce] to present" his previous

Kosher diet case. Doc. No. 174, p. 1. He further argues that his case is significant because the Sixth Circuit expressed concern over the MDOC's test for determining whether a prisoner may receive a kosher diet. *Id.*

The Court agrees with Magistrate Judge Greeley's finding that exceptional circumstances justifying the appointment of counsel do not exist in this case. In considering the procedural history of this case, specifically Plaintiff's partially successful Sixth Circuit appeal, the Court finds that Plaintiff has demonstrated his ability to represent himself in this case and to prosecute his complaint. The Court also finds that the factual and legal complexity of the case, which solely involves claims concerning the removal and failure to reinstate Plaintiff on a kosher diet, is not so great as to require the appointment of counsel. Plaintiff's appeal of Magistrate Judge Greeley's order denying appointment of counsel [Doc. No. 188] will therefore be denied.

An Order consistent with this Memorandum will be entered.

Dated: 12/12/2011  /s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE